UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
IN ADMIRALTY

In Re: HANSON MARINE
PROPERTIES, INC., d/b/a/ SALTY
SAM'S MARINA,

    Petitioner,

                               Case No.  2:21-cv-481-JLB-NPM

## ORDER

Before the Court is a motion for entry of clerk's default (Doc. 10). Petitioner Hanson Marine Properties requests a clerk's default against all non-appearing potential claimant(s). (Doc. 10, p. 1). No response was filed to the motion, and the response time has lapsed. However, for the reasons discussed below, the Court denies the motion without prejudice.[1]

This action concerns an incident arising on May 21, 2021, in Matanzas Pass, Fort Myers Beach, Lee County, Florida. (Doc. 1, p. 2). On June 23, 2021, Petitioner filed a complaint for exoneration from or limitation of liability pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*, and Supplemental Admiralty Rule F. (Doc. 1, p. 1-2). On June 25, 2021, the Court

---

[1] Plaintiff's counsel should note that under local rule 3.01(f) no party may submit a proposed judgment or other order without leave.

entered an order approving Petitioner Hanson Marine's ad interim stipulation of value and directing issuance of notice and injunction. (Doc. 6). The Court directed all claimants to file their claims or answers with the Clerk of Court by September 15, 2021, or be defaulted. (Doc. 6, p. 3). No one has come forth to file an answer. (Doc. 10, ¶ 2).

Pursuant to Supplemental Rule F(4),[2] and Section 6(a)[3] of the Admiralty and Maritime Practice Manual, Petitioner filed a proof of publication of notice to claimants, indicating the clerk's notice was published in the News-Press, a daily published newspaper in Lee County, Florida, on the following dates: (1) July 5, 2021; (2) July 12, 2021; (3) July 19, 2021; and (4) July 26, 2021. (Doc. 9). The notice stated that the failure to timely file a claim by September 15, 2021, will result in the claim being defaulted. (Doc 9).

However, Petitioner Hanson Marine has not shown that it mailed a copy of the notice to every person known to have made any claim arising from the May 21, 2021 incident. (*See* Doc. 9, showing publication of the clerk's notice on the above dates, but no mailing of this notice to potential claimants). Petitioner Hanson Marine

---

[2] Supplemental Rule F(4) provides in part that the notice of claims "shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims."

[3] Section 6(a) of the Admiralty and Maritime Practice Manual, provides: "[t]he plaintiff must publish the notice in accord with the provisions set forth in Supplemental Rule F(4) and Section 1(e)."

2

either knew or should have known there is at least one potential claimant because in paragraph four of its complaint Petitioner states that it received "written notice of a possible claim against it, arising from the subject incident." (Doc. 1, ¶ 4). Further, Petitioner Hanson Marine's complaint also states that "the [i]ncident allegedly resulted in injures to one or more passengers on board the [v]essel." (Doc. 1, ¶ 7).

Supplemental Admiralty Rule F(4) requires "[t]he plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." With no evidence that Hanson Marine has mailed notice to all persons known to have made a claim, Hanson Marine has failed to comply with Rule F(4) and the entry of a default is not appropriate.

Accordingly, the motion for clerk's default (Doc. 10) is **DENIED without prejudice**.

**ORDERED** in Fort Myers, Florida on September 29, 2021.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE